IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRIS HILL, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| Vs. | : |
| | : FILE NO. _____ |
| KHALED MOHAMMED KHALED, a.k.a. DJ KHALED, JOSHUA HOWARD LUELLEN, a.k.a. SOUTHSIDE, JACOB DUTTON, a.k.a. JAKE ONE, ROB MANDELL, a.k.a. G KOOP, EPIC RECORDS, SONY MUSIC ENTERTAINMENT, SONY CORPORATION OF AMERICA, and SONY CORPORATION | : : : : **JURY TRIAL DEMANDED** : : : : |
| Defendants. | : |

## COMPLAINT

### Nature of Action

1. Plaintiff Chris Hill (hereinafter "Plaintiff") seeks injunctive relief and damages for copyright infringement by Defendants under the laws of the United States and the State of Georgia.

### Parties

2. Chris Hill is a resident of Georgia.

3. Upon information and belief, Defendant Khaled Mohammed Khaled ("Khaled") is a resident of the State of California.

4.      Upon information and belief, Defendant Joshua Howard Luellen ("Southside") is a resident of the State of Georgia.

5.      Upon information and belief Defendant Jacob Dutton ("Jake One") is a resident of the State of Washington.

6.      Upon information and belief Defendant Rob Mandell ("G Koop") is a resident of the State of California.

7.      Defendant Epic Records is a subsidiary of Sony Music Entertainment and a New York corporation with its principal place of business in the State of New York. Defendant Epic Records may be served with a copy of the summons and complaint in this action at the office of its registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207-2543.

8.      Defendant Sony Music Entertainment is a subsidiary of Sony Corporation of America and a New York corporation with its principal place of business in the State of New York. Defendant Sony Music Entertainment may be served with a copy of the summons and complaint in this action at the office of its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Ben Hill, Norcross, Georgia, 30092.

9. Upon information and belief, Sony Corporation of America is a subsidiary of Defendant Sony Corporation, and is a corporation organized and existing under the laws of the State of New York, with its principle place of business at C/O SCA Legal Dept., 550 Madison Ave., 27th Floor, New York, NY 10022. Sony Corporation of America may be served with process by serving its registered agent, CSC – Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Ste. 100, Sacramento, CA 95833. Throughout this pleading, Defendants Sony Corporation and Sony Corporation of America will be referenced collectively as the "Sony Defendants."

10. Upon information and belief, Sony Corporation is a corporation organized and existing under the laws of Japan, with its principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan.

### Jurisdiction and Venue

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b) as this action arises under the Copyright Act, 17 U.S.C §§ 101, et seq. This Court has supplemental jurisdiction over Plaintiffs' state law and common law claims pursuant to 28 U.S.C. § 1367(a).

12. The Court has personal jurisdiction over Defendants. Sony Music Entertainment is registered to do business and has a registered agent within the State. Also, all Defendants are subject to personal jurisdiction in this State pursuant to O.C.G.A. § 9-10-91, Georgia's Long Arm Statute, as a result of Defendants' substantial, continuous and systematic contacts with the State, and because Defendants have purposely availed themselves of the benefits and privileges of conducting business activities within the State

13. The venue of this action is properly laid in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) and 1400(a).

## Allegations Common to all Claims for Relief

### Plaintiffs' Copyrights

14. Plaintiff is engaged in the business of authoring, producing, publishing and distributing audio beats.

15. Plaintiff's business includes a library of beats produced by him, which are then licensed to musical artist.

16. In March of 2008, Plaintiff created and registered his copyright for the beat *Chris Hill Beats (Gangsta Boogie Vol 2)* with the United States Copyright Office, Registration No. SRu000932495.

17. The copyrighted material identified above is hereinafter referred to as the "Work."

## The Infringing Work

18. In July of 2016, Defendant Khaled released the single, *"I Got the Keys"* which featured Jay Z and Future (hereinafter, the "Infringing Work").

19. Defendant Epic Records released the Infringing Work on Defendant Khaled's album "Major Key."

20. Defendants Southside, Jake One and G Koop are listed as producers on the single.

21. Defendant Khaled included expression that is substantially similar to the Work in the introduction to the song.

22. Defendants had access to Plaintiff's expression. On or around October 23, 2008, Plaintiff attended a party at ESSO nightclub, where he met Defendant Khaled.

23. Plaintiff approached Defendant Khaled in the parking lot with a copy of Plaintiff's beat CD, which including the Work.

24. As Plaintiff approached Defendant Khaled, one of Defendant Khaled's associates took possession of the Work from Plaintiff.

25. Defendant released the Infringing Work domestically and internationally.

26. Defendant Khaled also uploaded a music video to the Infringing Work to YouTube under the account name "DJKHALEDVEVO." The video to date has roughly 79,066,000 views. The video may be found at the following link: https://www.youtube.com/watch?v=SFLSOIufuhM.

27. Defendants have also placed the Infringing Work on music downloading and streaming services.

28. It is likely that Defendants may also be copying and/or distributing the Infringing Works through other channels.

## Count I - Federal Copyright Infringement

29. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 28 above, as if fully set forth herein.

30. This Count arises under the Copyright Act of 1976, Title 17 United States Code § 101 *et seq*.

31. The Work is a wholly original work, and constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*.

32. Plaintiff has complied in all respects with the laws covering copyright and has secured the exclusive rights and privileges in and to the copyrights to the Work.

33. Defendants have infringed and threaten to further infringe Plaintiff's copyrights in the Work by the marketing and distribution of the Infringing Work in this District, throughout the United States and internationally.

34. Defendants willfully infringed Plaintiff's copyrights in the Work.

35. Defendants knew that the Infringing Work was substantially similar and constitutes infringement of the Work.

36. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount not yet determined or ascertainable.

37. Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount not yet determined.

38. Plaintiff is therefore entitled to:

    (a) A preliminary and permanent injunction preventing the distribution, marketing, release, sale and rental of the Infringing Works;

    (b) The recall of all copies of the Infringing Work;

(c) The impoundment of all copies of the Infringing Work in their possession, custody or control; and

(d) All profits received by Defendants from the distribution, marketing, release, sale and rental of the Infringing Work;

(e) All consequential damages suffered by Plaintiff; or

(f) Statutory damages for willful infringement in the amount of $150,000; and

(g) Plaintiff's expenses of litigation, including reasonable attorneys' fees.

**Count II - Preliminary and Permanent Injunctive Relief**

39. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 38 above, as if fully set forth herein.

40. Defendants replicated the Work when reproducing, distributing, and publicly performing the Infringing Work. As co-infringers, Defendants are jointly and severally liable for all amounts owed.

41. No adequate remedy at law exists that will prevent the immediate, irreparable harm to Plaintiff that will follow Defendants' further infringement of the Work.

42. No legitimate and protectable interest of Defendants will be harmed if the Court grants the injunctive relief prayed for because

Defendants can reproduce, distribute or publicly perform any non-infringing songs without incorporation of the Work.

43. Unauthorized use of the Work is prohibited under the Copyright Act and other applicable state and federal law.

44. The relief prayed for by Plaintiff in this cause of action is authorized under the Copyright Act, 17 U.S.C. § 502, and other applicable state and federal law.

45. Plaintiff is likely to succeed at trial on the merits of its claim.

## Count III

### Expenses of Litigation

46. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 45 above, as if fully set forth herein.

47. Defendants have acted in bad faith, been stubbornly litigious and/or caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to recover their expenses of litigation, including their reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE Plaintiff respectfully prays for the following relief:

A. An Order preliminarily and permanently enjoining and restraining Defendants and those in active concert or participation with them from:

1. Further infringing Plaintiff's copyright or manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Plaintiff which infringe on Plaintiff's copyrights;

2. Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of any of Plaintiff's copyrights or of Plaintiff's rights in, or to use or to exploit, said copyrights or constituting any dilution of Plaintiff's name, reputation or goodwill;

3. Secreting, destroying, altering, removing or otherwise dealing with the unauthorized products or books or records which contain any information relating to the creation, production, distribution, circulation, sale, rental, offering for sale, advertising, promoting or displaying the Infringing Work and any related products and merchandise.

B. Directing that Defendants recall all copies of the Infringing Work and all related products and merchandise distributed throughout the United States and the World pursuant to 17 U.S.C. § 503.

C. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the Infringing Work and any related products or merchandise are authorized by Plaintiff or are in any way related to Plaintiff or its products.

D. Directing than an accounting and judgment be rendered against Defendants for:

    1. All profits received by Defendants from the sale or distribution of the Infringing Work, as provided for by 17 U.S.C. § 504(b);

    2. All damages suffered by Plaintiff as a result of Defendants' copyright infringement, as provided for by 17 U.S.C. § 504(b); and

    3. Statutory damages against Defendants in the amount of $150,000 for the willful infringement of each copyrighted work infringed, as provided for in 17 U.S.C. § 504(c)(2), if such amounts are greater than the amounts of items (a) and (b) above.

E.  An award of exemplary damages against Defendants for their willful and malicious infringement.

F.  Ordering that Plaintiff recover the costs of this action together with reasonable attorneys' fees and investigators' fees and prejudgment interest in accordance with 17 U.S.C. § 505.

G.  Directing that the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

H.  Awarding to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements, which Plaintiff has incurred with this action.

## TRIAL BY JURY

Plaintiff requests a trial by jury on all issues so triable.

**[Signature on Following Page]**

Respectfully submitted, this ___ day of February, 2017.

                                               s/Thomas J. Mihill
                                               Thomas J. Mihill
                                               Georgia Bar Number: 001363
                                               William E. Cannon III
                                               Georgia Bar Number: 305130
                                               Logan B. Winkles
                                               Georgia Bar Number: 136906
                                               CANNON, MIHILL &WINKLES
                                               1355 Peachtree Street
                                               Suite 1570
                                               Atlanta, Georgia 30309
                                               Telephone: (404) 891-6700
                                               Facsimile: (404) 467-8609
                                               tjmihill@cmw-law.com
                                               *Counsel for Plaintiffs*

## Rule 7.1(D) Certification

This is to hereby certify that the **Complaint** was prepared in 14-point Times New Roman font.

s/Thomas J. Mihill
Thomas J. Mihill
Georgia Bar Number: 001363
CANNON, MIHILL & WINKLES
1355 Peachtree Street
Suite 1570
Atlanta, Georgia 30309
Telephone: (404) 891-6700
Facsimile: (404) 467-8609
tjmihill@cmw-law.com
*Counsel for Plaintiffs*
